JAMES H. DE BLOIS v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 20, 1906.

Nos. 14,819—(199).

**Verdict not Excessive.**

   *Held,* in this a personal injury action, that the verdict is sustained by the evidence, that an award of damages in the sum of $8,500 for a permanent injury to the urinary organs and bladder is not excessive, and, further, that there were no reversible errors in the charge of the court as to the measure of damages.

Action in the district court for Stearns county to recover $30,000 for personal injuries. The case was tried before Searle, J., and a jury, which rendered a verdict in favor of plaintiff for $8,500. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. L. Countryman* and *George H. Reynolds,* for appellant.

*Donohue & Stephens* and *Calhoun & Bennett,* for respondent.

START, C. J.

On December 23, 1904, the plaintiff was a passenger on one of the railway trains of the defendant, which was derailed, whereby he was personally injured. He brought this action to recover damages for

[1]Reported in 108 N. W. 293.

his injuries.   Verdict for the plaintiff for $8,500.   The defendant appealed from an order denying its motion for judgment in its favor notwithstanding the verdict or for a new trial.

There was no question on the trial as to the negligence of the plaintiff and its liability in some amount was conceded, but the extent of his injuries and resulting damages were vigorously contested.   The evidence on this question, including the expert opinion evidence, was acutely conflicting.   The defendant here urges that the award of damages is not justified by the evidence, and that they are so excessive as to clearly indicate that they were given under the influence of passion or prejudice.

The evidence on the part of the plaintiff tended to show that he was forty years of age at the time of the accident and that prior thereto he had been injured in two other railroad accidents losing a leg in one and two fingers  on one hand in the other; that nevertheless his health was good, and he never had any trouble with his urinary organs or with his bladder prior to the last accident; that as a result of the derailment of the train he was thrown down and bruised on the left shoulder, hip, back, and abdomen; that the blow on the abdomen caused a permanent injury to his bladder and urinary organs resulting in a retention of urine which can only be relieved by the use of a catheter, which condition will continue as long as he lives; further that he suffers from pains in his back and bladder, is unable to sleep properly, has chills, and suffers every time he uses the catheter.   The evidence on the part of the defendant tended to show that the plaintiff had been treated for a difficulty of the bladder and urinary organs before the accident; that the condition of those organs at the time of the trial was not due to the accident, but to catheterization.

A reading of the whole evidence leads to the conclusion that if the plaintiff's physical condition at the time of the trial was the proximate result of the injury he received at the time of the accident the damages are not excessive, and that the verdict in this respect is sustained by the evidence.   Whether this condition was so caused was, upon the evidence, a question of fact for the jury, and we hold that the verdict is sustained by the evidence, and that the damages are not excessive.

The other assignments of error urged in the brief of defendant relate to the charge of the trial court in reference to the damages. There are but two of them meriting consideration. The trial judge concluded his general instructions as to the question of damages as follows, namely:

> (In other words, to what extent has he been damaged physically or otherwise by that accident? To that extent the plaintiff is entitled to recover damages, and such sum as will compensate him for the injuries received.) In determining what damages he is entitled to recover, you can take into consideration all the testimony as to his former condition, and condition at the time of the accident and subsequent condition, so far as it has been affected by the injuries received at the time of the accident. Take into consideration, consider whether these injuries are of a permanent character or not, and in that way determine to what extent, or how much, what sum he is entitled to recover to compensate him for the injuries he sustained at that time. In determining what sum he is entitled to recover you take into consideration his condition so far as the testimony shows, the injuries he has sustained, his business in life, and determine how much is necessary to compensate him for the injuries that he has sustained. (There is no testimony, I believe, as to any expectancy, but he testifies, I believe, that his age is about forty, forty-one or forty-two. You take that into consideration, and as practical men acquainted with the ordinary affairs of life, of human nature and things of that kind, determine how much you think would be right as compensation for the injuries which he actually sustained at the time of this accident).

He then said: "Any suggestions on either side?" Thereupon counsel for the defendant said: "It seems to me your honor has covered the case." Counsel for the plaintiff made some suggestions as to further instructions which were given. The defendant made no request for instructions nor excepted to any of those given except on the motion for a new trial, when it excepted to the giving the instructions we have placed in parenthesis.

It is here urged that the instructions were not only misleading, but placed it within the power of the jury in assessing the damages to include his loss of time, money paid out for medical attendance, and impairment of his earning capacity. Therefore, they were erroneous because there was no evidence of the earning capacity of the plaintiff before his injury. And further, that the jury should have been fully instructed as to the proper elements of damage and directed to consider the evidence relevant thereto. The defendant cannot complain of any omissions in the instructions as to the damages, none having been requested.

The instructions must be given a reasonable interpretation and construed as a whole with reference to the evidence and the claims of the respective parties. In this case there was neither evidence of nor claim for loss of time, medical attendance, or nursing. Such being the case, the charge taken as a whole is not fairly subject to the criticism made by the defendant. If it was not sufficiently specific, and for that reason liable to be misunderstood by the jury as authorizing them to give damages for pecuniary loss, of which there was neither claim nor proof, it was the manifest duty of counsel to call the attention of the court to the matter, and ask for the proper limitations. This was not done, but, on the contrary, the learned trial judge in effect was assured that his charge covered the case. The only criticism of the charge, if any, that fairly can be made is that it was not sufficiently specific; which should have been remedied at the trial by a request, in response to the inquiry of the court, for further instructions.

We hold there were no reversible errors in the instructions.

Order affirmed.